**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-3151-WJM-KMT

LIQUID MAGNETIX CORP.,

    Plaintiff,

v.

THERMA-STOR LLC,

    Defendant.

---

**ORDER GRANTING MOTION FOR TRANSFER UNDER 28 U.S.C. § 1404(a)**

---

Plaintiff Liquid Magnetix Corp. ("Plaintiff") brings this breach of contract action against Therma-Stor LLC ("Defendant"). (ECF No. 3.) Before the Court is Defendant's Motion for Transfer under 28 U.S.C. § 1404(a) ("Motion") asking the Court to transfer this action to the Western District of Wisconsin based on a forum-selection clause in a document posted on Defendant's website. (ECF No. 18.) For the reasons set forth below, the Motion is granted.

### I.  LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party seeking to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient. *See Chrysler Credit Corp. v. Cnty. Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). In ruling on a motion to transfer venue, district courts must assess two issues: (1) whether

the case might have been brought in the proposed transferee district, and (2) whether the "competing equities" weigh in favor of adjudicating the case in that district. *See Hustler Magazine, Inc. v. U.S. Dist. Ct. for the Dist. of Wyo.*, 790 F.2d 69, 71 (10th Cir. 1986). The competing equities include the following factors:

> (1) plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)). However, the decision to transfer venue lies in the sole discretion of the district court and should be based on an "individualized, case-by-case consideration of convenience and fairness." *Tex. E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978); *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

## II.  FACTUAL BACKGROUND

Plaintiff Liquid Magnetix is a Colorado corporation that manufactures and sells environmental products, including switches and pumps used in dehumidifiers. (Complaint (ECF No. 3) ¶ 4.)  Defendant Therma-Stor is a Wisconsin corporation that manufactures and sells commercial and residential dehumidifiers.  (*Id*. ¶ 5; ECF No. 1.) Defendant has been a long time customer of Plaintiff, having ordered custom-made switches and pumps for use in its products.  (*Id*. ¶ 6.)  The parties developed a course

of dealing for their business transactions. (*Id*. ¶ 8.) Defendant would send Plaintiff a Purchase Order requesting a certain number of products at a certain price, along with a requested arrival date. (*Id*. ¶ 9.) Plaintiff would confirm an expected ship date, and then ship the products to Defendant with an invoice seeking payment within 30 days. (*Id*.)

Between May 24, 2012 and May 24, 2013, Defendant submitted twelve Purchase Orders, which were handled per the parties' course of dealing. (*Id*. ¶¶ 10-54.) Plaintiff filled the orders and shipped the goods. (*Id*.) Defendant accepted the goods for nine of the orders, and attempted to reject three orders. (*Id*.) Despite Plaintiff's alleged performance under the contracts, Defendant has failed to pay the amount due under any of these orders, which totals $208.589.52. (*Id*. ¶ 56.)

On these facts, Plaintiff brings claims for breach of contract, promissory estoppel, unjust enrichment, and *quantum meruit*. (*Id*. ¶¶ 55-76.) Plaintiff originally filed this action in District Court for San Miguel County, Colorado, but Defendant removed the case to this Court based on the complete diversity between the parties. (ECF No. 1.) Defendant then filed the instant Motion. (ECF No. 18.)

### III.  ANALYSIS

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a forum *non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013). Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a

transfer would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice." *Id*. (citing § 1404(a)).  The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." *Id*. (quoting *Stewart Org.*, 487 U.S. at 31).  "[A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Id*. (internal citation omitted).

Thus, the Court's analysis is driven by whether there is a valid forum-selection clause incorporated into the contracts at issue in this case.  The contracts formed between the parties here do not appear in one document; rather, the parties had a course of dealing which involved Defendant submitting a Purchase Order, which was then filled by Plaintiff when it shipped the goods, along with an invoice.  Thus, Defendant's Purchase Orders constitute the offers to contract, while Plaintiff's shipment of the goods constitutes acceptance.  *See* Colo. Rev. Stat. § 4-2-206 (outlining what constitutes offer and acceptance under Colorado law).  The disputed forum-selection clause does not directly appear in either the offer or the acceptance of the contract.  Instead, Defendant argues that language in its Purchase Orders incorporates the forum-selection clause by reference.

"Pursuant to general contract law, for an incorporation by reference to be effective, 'it must be clear that the parties to the agreement had knowledge of and assented to the incorporated terms.'" *Taubman Cherry Creek Shopping Ctr., LLC v. Neiman-Marcus Grp., Inc.*, 251 P.3d 1091, 1095 (Colo. App. 2010) (quoting 11 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 30.25, at 234 (4th ed.

4

1999)). "So long as it is clear what document is being referred to and that the parties intended for it to be a part of the [agreement], . . . it is as effectively a part thereof as if recited therein." *In re Seymour's Marriage*, 536 P.2d 1172, 1175 (Colo. App. 1975).

The Purchase Orders in this case state: "Acknowledge Receipt of Order. Standard Terms and Conditions are located on our website: www.thermastor.com." (ECF No. 26-1 at 9.)  The front page of Defendant's website contains a link entitled "Purchase Order Terms and Conditions", which takes the user to a document entitled "Purchase Order Terms and Conditions".  This document contains the disputed forum-selection clause.  (ECF No. 18-1 at 3-6.)

Plaintiff contends that the Purchase Order Terms and Conditions were not incorporated into Defendant's offer to purchase Plaintiff's goods because the Purchase Orders did not state that the Purchase Order Terms and Conditions "apply to", "govern", "are part of", or are "incorporated by reference".  (ECF No. 26 at 14.)  Notably, Plaintiff fails to cite any case law showing that any such magic words are required to effect an incorporation.  In fact, so long as the offer plainly states which document is incorporated and the parties intended for such incorporation, no particular language is required.  *In re Seymour's Marriage*, 536 P.2d at 1175.  Thus, the Court does not find this argument compelling.

Plaintiff also argues that it was not clear which document the Purchase Order was referring to because the Purchase Order uses the phrase "Standard Terms and Conditions", while the website uses the phrase "Purchase Order Terms and Conditions".  (ECF No. 26 at 11-12.)  The Court is not persuaded.  The reference to "Standard Terms and Conditions" appears on a document entitled "Purchase Orders",

and also informs the reader where the "Standard Terms and Conditions" can be found. The Court finds that this language is sufficiently clear to signal an intent to incorporate into the offer the Purchase Order Terms and Conditions that appear on Defendant's website.

In support of its argument that the forum-selection clause is not incorporated by reference into Defendant's offer, Plaintiff cites two cases from this district: *MemoryTen, Inc. v. LV Admin. Servs.*, 942 F. Supp. 2d 1157 (D. Colo. 2013), and *Leica Geogsystems, Inc. v. L.W.S. Leasing, Inc.*, 872 F. Supp. 2d 1191 (D. Colo. 2012). The Court is familiar with these cases, but finds that they are readily distinguishable from the circumstances in this action. In *Memoryten*, the court held that a vague reference to "terms and conditions consistent with past practices"—without specific reference to the Form of Warrant that contained a forum-selection clause—was insufficient to support an incorporation by reference. *See* 942 F. Supp. 2d at 1169-70. In *Leica*, the court found that a forum-selection clause was not incorporated into a contract because the contract was formed before the plaintiff was provided with access to the disputed clause. *See* 872 F. Supp. 2d at 1198-99.

Contrary to these cases, Defendant's Purchase Orders—which constitute the original offer for each transaction—both specifically referenced the Purchase Order Terms and Conditions and informed Plaintiff where such terms could be accessed. The reference to the particular document to be incorporated distinguishes this case from *MemoryTen*, and the timing makes it distinguishable from *Leica*. As such, the Court does not find these authorities compelling. Based on the language contained in the

Purchase Orders, the Court finds that the Purchase Order Terms and Conditions—including the forum-selection clause—were incorporated into Defendant's offers to purchase Plaintiff's goods.

Plaintiff argues that, even if the Purchase Order Terms and Conditions were part of Defendant's offer, Plaintiff did not accept these terms as part of the contract. (ECF No. 26 at 7.) In fact, Plaintiff contends that it was not aware of the Purchase Order Terms and Conditions and, had it known they were part of the offer, it would not have accepted these terms. (*Id.*) However, a failure to educate onself regarding the terms of an offer does not invalidate or excuse compliance with those terms to which a party is unaware. See *Flight Concepts Ltd. P'ship v. Boeing Co.*, 38 F.3d 1152, 1157 (10th Cir. 1994) ("It was Mr. O'Quinn's duty to read and understand the provisions of the Licensing Agreement. A party cannot void a contract by claiming to be ignorant of its contents."). This is true even when individual persons are involved, much less sophisticated business entities like those involved in this case. See *Felling v. Hobby Lobby, Inc.*, 2005 WL 928641 (D. Kan. Apr. 19, 2005) (noting that "a person who signs a written contract is bound by its terms regardless of his or her failure to read and understand its terms"). The law does not reward a commercial party for not reading and understanding a contract in its entirety before signing it.

Because the Purchase Orders plainly referenced the Purchase Order Terms and Conditions, the Court finds that these terms were incorporated by reference into Defendant's offer to purchase goods from Plaintiff. Plaintiff then shipped the goods to Defendant, which constitutes acceptance of the offer. See Colo. Rev. Stat. § 4-2-206. Plaintiff's acceptance was not conditioned on any terms that contradicted the forum-

selection clause. As such, the Court finds that the forum-selection clause was incorporated by reference into the contracts at the heart of this case.

The Supreme Court has held that "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis." *Atl. Marine Constr. Co.*, 134 S. Ct. at 582. "First, the plaintiff's choice of forum merits no weight." *Id*. "Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id*. "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id*. at 582. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id*. "A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id*. "As a consequence, a district court may consider arguments about public-interest factors only." *Id*. "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id*.

In general, forum selection clauses do not contravene any federal or state public policy, and "a party resisting enforcement [of such a clause] carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances." *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992) (citations

omitted). In its opposition to the instant Motion, Plaintiff has not shown how keeping this case in the District of Colorado is in the public interest. As such, transfer of this action pursuant to the forum-selection clause is warranted.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion for Transfer under 28 U.S.C. § 1404(a) (ECF No. 18) is GRANTED; and

2. This case is TRANSFERRED to the United States District Court for the Western District of Wisconsin. The Clerk shall transmit the file.

Dated this 9th day of April, 2014.

BY THE COURT:

William J. Martínez
United States District Judge